**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| LARRY LOWE, SR., ) | |
|               ) | |
|        Plaintiff, ) | |
|               ) | |
|        vs. ) | Case No. 1:15-cv-00926-WTL-MJD |
|               ) | |
| PAUL A. TALBOT, ) | |
|               ) | |
|        Defendant. ) | |

**Entry Discussing Motion for Summary Judgment and Pending Motions**

On June 12, 2015, plaintiff Larry Lowe, Sr., an inmate at the Pendleton Correctional Facility ("Pendleton"), filed this action pursuant to 42 U.S.C. § 1983. Mr. Lowe alleges that on December 10, 2014, defendant Dr. Paul A. Talbot refused to provide him constitutionally adequate medical care. See dkt. 6. Mr. Lowe recently filed an amended complaint [dkt. 33] which is based on the same facts and circumstances as the original complaint. Dr. Talbot seeks summary judgment arguing that Mr. Lowe failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit.

**Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which

"demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

## Discussion

### A. *Undisputed Facts*

At all times relevant to his Complaint, Mr. Lowe was confined by the Indiana Department of Correction ("IDOC") at Correctional Industrial Facility ("CIF") in Pendleton, Indiana. The IDOC has an Offender Grievance Process which is intended to permit inmates of the IDOC to resolve concerns and complaints relating to their conditions of confinement prior to filing a lawsuit. As an inmate at CIF, Mr. Lowe had access to the Offender Grievance Process. All offenders are made aware of the Grievance Process during orientation and a copy of the Grievance Process is available in various locations within the prisons, including the law library.

The Grievance Process consists of three steps. The first step requires the inmate to contact staff to discuss the matter or incident subject to the grievance and seek informal resolution of his complaint. If the offender is unable to obtain a satisfactory resolution of the grievance informally through officials at the facility, he or she may file a Level I Offender Grievance. This includes the submission of a Level I Grievance form to the Administrative Assistant of the facility. Once a

Level I Grievance is reviewed by facility officials, and if the problem has not been resolved to the satisfaction of the offender, the offender may appeal the facility's decision by submitting a Level II Grievance Appeal. The Department of Corrections' Offender Grievance Manager reviews the inmate's appeal and submits a response. The Grievance Process is not complete until the inmate receives a response to his or her appeal. Exhaustion of the grievance procedure requires completing all three steps.

Mr. Lowe's claim in this action against Dr. Talbot relates to alleged inadequate medical care on December 10, 2014. While he was incarcerated at CIF, Mr. Lowe filed two Level I Grievances after December 1, 2014: Grievances 85953 and 86102. In Grievance 85953, Mr. Lowe complained that, on December 10, 2014, Dr. Talbot inadequately treated him for his warts and refused to listen to any other medical issues. On December 22, 2014, Grievance Administrator Robert Stafford responded that Mr. Lowe was receiving treatment for his conditions. Mr. Lowe did not appeal the denial of this grievance to Level II.

In Grievance 86102, Mr. Lowe complained that he was denied the use of a wheelchair by Officer Flockhart on December 31, 2014. Mr. Lowe did not file a Level II Grievance Appeal for this grievance either.

B. *Exhaustion*

Dr. Talbot argues that Mr. Lowe failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against him.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing

some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

C.  *Discussion*

The defendants have shown that Mr. Lowe failed to avail himself of all available administrative remedies before filing this civil action. Mr. Lowe does not dispute this. Instead, Mr. Lowe states that he is not required to complete the grievance process. But exhaustion of administrative remedies is mandatory and not subject to futility or inadequacy exceptions. *See Booth*, 532 U.S. at 741. It is therefore undisputed that Mr. Lowe failed to exhaust his available administrative remedies as required by the PLRA before filing this lawsuit.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Lowe's action should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

**Conclusion**

The defendants' motion for summary judgment [dkt. 22] is **granted**.

The plaintiff's fifth motion for leave *in forma pauperis* [dkt. 31] is **denied as moot.** The plaintiff's request to proceed *in forma pauperis* was previously granted and a collection order was issued consistent with 28 U.S.C. § 1915(b). See dkts. 4, 5, 12, 20, and 26.

The plaintiff's motion to appoint counsel [dkt. 32] is **denied as moot,** given the dismissal of this action. In addition, the Court notes that the dispositive issue in this motion was not complex and the plaintiff's most recent motion for counsel fails to comply with the directions set forth in the Entry of August 17, 2015, in that it lacks information regarding his ability to litigate this action on his own. See dkt. 20. Under these circumstances, there is no just reason to delay the resolution of the defendant's motion for summary judgment until such time as counsel can be recruited.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/1/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

LARRY LOWE, SR.
246668
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel